**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT L. GRIFFIN, JR., on behalf of himself and all others similarly situated,**

    **Plaintiffs,**

v.                                                                                                  Case No.: 8:19-cv-03147

**HAMMER HAAG STEEL, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Named Plaintiff ROBERT L. GRIFFIN, JR., on behalf of himself and all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby sue Hammer Haag Steel, Inc. ("Defendant"), and state as follows:

**NATURE OF ACTION**

1. This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et. seq.* ("WARN Act").

2. The Defendant is liable under the WARN Act for the failure to provide the Plaintiffs at least sixty (60) days advance notice of their termination as required by the WARN Act.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in the Middle District of Florida because the events giving rise to this action occurred in Clearwater, FL, which lies in the Middle District.

5. This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

## PARTIES

6. Plaintiff Robert L. Griffin, Jr. is a resident of Pinellas County, Florida and was employed by Defendant until his termination without cause on or about December 18, 2019.

7. Defendant is a Florida Profit Corporation with its principal place of business in Clearwater, Pinellas County, Florida.

8. At all times material to this Complaint, Plaintiffs were "employees" of the Defendant.

9. At all times material to this Complaint, Defendant was "employers" subject to the requirements of the WARN Act.

## STATEMENT OF FACTS

10. Plaintiffs' employment with the Defendant was terminated as part of a "mass layoff" as defined by the WARN Act, for which they were entitled to receive sixty (60) days advance written notice under the WARN Act from the Defendant.

11. On or about December 18, 2019, approximately sixty (60) other similarly situated employees were terminated by Defendant as part of a "mass layoff" as defined by the WARN Act.

12. Pursuant to the WARN Act, the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees of Defendant.

13. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

14. Defendant was required by the WARN Act to give Plaintiff and other similarly situated former employees or their representatives at least 60 days written notice of their respective termination.

15. Defendant did not issue a WARN Act notice.

16. Defendant failed to pay the Plaintiff and the other salary situated former employees their respective wages, salary, commissions, bonuses, accrued holiday or vacation pay which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

17. Plaintiff worked for Defendant during the statutory period.

18. Plaintiff has satisfied all conditions precedent, or they have been waived.

19. Plaintiff have hired the undersigned attorney and agreed to pay him a fee.

20. Plaintiff requests a jury trial for all issues so triable.

## **RULE 23 CLASS ACTION ALLEGATION**

21. Plaintiff asserts a Rule 23 class claim on behalf of the Putative Class as defined follows:

**All persons who worked at or reported to the Defendant's facility in Clearwater, FL and were laid off without cause by Defendant as part or as the reasonably foreseeable result of a mass layoff ordered by the Defendant at the facility (the "Class") on or about December 18, 2019.**

22. The number of persons in the Putative Rule 23 Class here is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on the basis alleges, that the Putative Rule 23 Class herein includes over sixty (60) persons.

23. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

24. There is a well-defined community of interest presented by the Putative Rule 23 Class herein in that, among other things, each member of the Putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of the Defendant's actions.

25. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

26. The prosecution of separate actions by individual members of the Putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interest of other members of the Putative Rule 23

Class not parties to the particular individual adjudications, and/or may substantially impede or impair the ability of those other members to protect their interest.

27. Common questions of law and fact exist in this case with respect to the Putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

28. At some time during the Class Period, all of the individuals in the Putative Rule 23 Class herein have been employed by the Defendant and were laid off and denied wages under the WARN Act.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of WARN Act litigation, where the individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

30. There are questions of law and fact common to the Class Members that predominates over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Class Members were employees of the Defendant who worked at or reported to the Defendant's facility; and

   b. Whether the Defendant ordered the termination of the employment of each of the Class Members without cause on their part and without giving them sixty (60) days advance written notice as required by the WARN Act.

31. The claims of the named Plaintiff in this case are typical of those of the other Class Members which he seeks to represent, in that, among other things, Plaintiff and each other

Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by the Defendant as complained of herein.

32. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seek to represent.

33. The named Plaintiff herein will fairly and adequately represent and protect the interest of the members of the Putative Class which he seeks to represent. Plaintiff does not have any interest which are antagonistic to the interest of the Putative Class herein.

34. Counsel for Plaintiff is experienced, qualified, and generally able to conduct complex class action litigation.

35. The relief sought in this action is necessary to restore members of the Putative Class the money and property which the Defendant have illegally acquired through the unlawful treatment of each Class Member as described herein.

36. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class Members are available from Defendant's records.

## Count I – WARN ACT VIOLATIONS CLASS ACTION CLAIM

37. All allegations prior to Count I are reallaged and incorporated herein.

38. At all relevant times, the Defendant employed more than 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the

United States as defined by the WARN Act, and employed more than 50 employees at their facility.

39. At all relevant times, the Defendant was an "employer" of the Class Members as that term is defined by the WARN Act.

40. On or about December 18, 2019, the Defendant ordered a "mass layoff", as that term is defined by the WARN Act.

41. The Defendant's actions at the Facility resulted in an "employment loss", as that term is defined by the WARN Act, for at least 33% of its workplace and at least 50 of its employees excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

42. The Defendant's termination of the Plaintiff's and the Class Members' employment constituted a mass layoff as defined by the WARN Act.

43. The Plaintiff and each of the Class Members, who were employed by the Defendant and then terminated by the Defendant as a result of the Defendant's executing a mass layoff, were "affected employees" as defined by the WARN Act.

44. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined by the WARN Act.

45. Pursuant to the WARN Act, the Defendant was required to provide sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected

employees, or their representative, explaining why the sixty (60) day prior notice was not given.

46. The Defendant failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

47. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective termination, and failed to make the pension and 401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

48. As a result of the Defendant's failure to pay wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE,** Plaintiff and Class Members demand trial by jury and judgement against the Defendant as follows:

a) An amount equal to the sum of unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN ACT, Plaintiff and other similarly situated former employees constitute a single class;

c) Interest as allowed by law on the amounts owed under the preceding paragraphs;

d) The reasonable attorney's fees and the cost and disbursements the Plaintiffs incur in the prosecuting this action, as authorized by the WARN Act;

e) Civil penalties in the maximum amount per employee, as provided by the WARN Act; and

f) Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
PO Box 9447
Tampa, FL 33674-9447
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*